BENJAMIN B. WAGNER
United States Attorney
JEFFREY A. SPIVAK
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:12-CV-01604-LJO-GSA |
| Plaintiff, | **FINAL JUDGMENT OF FORFEITURE** |
| v. | |
| REAL PROPERTY LOCATED AT 5265 CRAWFORD AVENUE, CALIFORNIA, APN: 373-020-85, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | |
| Defendant. | |

Pursuant to the Stipulation for Final Judgment of Forfeiture filed herewith, the Court finds:

1.  This is a civil forfeiture action *in rem* to forfeit to the United States of America the real property located at 5265 Crawford Avenue, Reedley, California, Fresno County, APN: 373-020-85, including any right, title, and interest in any lot or tract of land and any appurtenances or improvements thereon (hereafter collectively "Defendant Property").

2.  A Verified Complaint for Forfeiture *In Rem* was filed on September 28, 2012, alleging that said Defendant Property is subject to forfeiture to the United States of America pursuant to 21 U.S.C. §881(a)(7).

3.  On November 7, 2012, the Defendant Property was posted with a copy of the

Final Judgment of Forfeiture

1

Complaint and Notice of Complaint in a manner consistent with the requirements of 18 U.S.C. § 985.

4.   On November 7, 2012, in accordance with said Complaint, a Lis Pendens was filed for the Defendant Property. Notice of the filing of the Lis Pendens for the Defendant Property was filed with the Court on December 5, 2012.

5.   Beginning on October 24, 2012, for at least 30 consecutive days, the United States published notice  of this action on the official government forfeiture site www.forfeiture.gov.  A Declaration of Publication was filed with the Court on June 27, 2013.

6.   Claimant filed a claim on November 21, 2012 and an answer on December 12, 2012. To date, no other parties have filed claims or answers in this matter, and the time in which any person or entity may file a claim and answer has expired.

7.   Claimant represents and warrants that she is the sole owner of the Defendant Property and that no other person (including Adrian Sanchez or any other beneficiaries of the Jose Iraizoz Family Trust) or entity has any legitimate claim of interest therein.  Should any person or entity institute any kind of claim or action against the United States with regards to its forfeiture of all or part of the Defendant Property, Claimant shall hold harmless and indemnify the United States.

Based on the above findings, and the files and records of the Court, it is hereby

ORDERED AND ADJUDGED:

1.   The Court adopts the Stipulation for Final Judgment of Forfeiture entered into by and between the parties to this action.

2.   That judgment is hereby entered against Claimant Elisa Sanchez and all other potential claimants who have not filed claims in this action.

3.   Upon entry of a Final Judgment of Forfeiture herein Claimant agrees to pay to the United States the sum of $200,000.00 as substitute res in lieu of the Defendant Property.  A first $100,000.00 payment shall be paid by the United States by September 1, 2014 (the "First Payment").  A second $100,000.00 payment shall be paid to the United States by January 1, 2016 (the "Second Payment" and, together with the "First Payment," collectively, the

"Payments").

4.   Claimant shall make the Payments in the form of cashier's checks made payable to the U.S. Marshals Service and sent to the U.S. Attorney's Office, Attn: Asset Forfeiture Unit, 2500 Tulare Street, Suite 4401, Fresno, California 93721.  The Payments shall be substituted with the Defendant Property as the res herein, and shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(7), to be disposed of according to law.

5.   Until the Payments have been made, Claimant agrees to the following conditions (the "Maintenance Conditions"). Claimant agrees to:

    a.   Maintain the Defendant Property in the same condition and repair as existed as of the date of the posting, normal wear and tear expected;

    b.   Maintain any and all insurance policies currently in effect with respect to the properties, including liability policies.

    c.   Refrain from conveying, transferring, or encumbering the Defendant Property without the prior written approval of the United States; and

    d.   Pay all taxes concerning the Defendant Property when due.

6.   Within 60 days of the United States receiving both payments accounting for the $200,000.00 amount of the substitute res, the United States agrees to file a Withdrawal of Lis Pendens.  Upon payment of the substitute res, the United States agrees to forego any further action against the Defendant Property or against Claimant based on the facts alleged in the Complaint.

7.   In the event the First Payment or the Second Payment is not made in accordance with this agreement or in the event that Claimant violates any of the Maintenance Conditions, the following events shall occur:

    a.   All right, title, and interest in the Defendant Property shall be forfeited to the United States in full, pursuant to 21 U.S.C. § 881(a)(7).

    b.   The U.S. Marshals Service shall list the Defendant Property for sale. The U.S. Marshals Service shall have sole authority to select the means of sale, including sale by internet or through a licensed real estate broker and shall have sole authority over the

Final Judgment of Forfeiture                                           3

marketing and sale of the Defendant Property.  The U.S. Marshals Service and its agents will be provided access to the Defendant Property and any improvements thereon.

c.  The U.S. Marshals Service shall pay the following costs, expenses, and distributions from the proceeds of the sale of the Defendant Property in the following order and priority:

i.  The costs incurred by the U.S. Marshals Service in the sale of the Defendant Property, including the cost of posting, service, advertising, sale, and maintenance, as well as the payment of any outstanding taxes or fees.

ii.  To the United States of America $200,000.00 less any monies previously paid by Claimant to the United States in accordance with this agreement.

iii.  To Claimant, via her attorney Law Offices of Anthony P. Capozzi, 1233 West Shaw Avenue Suite 102 Fresno, CA 93711, all amounts remaining after all payments with priority have been made in accordance with this agreement.  Should a payment be made to Claimant pursuant to this section, Claimant acknowledges that Federal law requires the Department of Treasury and other disbursing officials to offset Federal payments to collect delinquent tax and non-tax debts owed to the United States, and to individual states (including past-due child support).

8.  Claimant and/or all others occupying the Defendant Property shall vacate the Defendant Property, along with all personal property, within 24 hours of any demand by the U.S. Marshals Service.

9.  Claimant hereby releases the United States of America and its servants, agents, and employees, and all other Public entities, their servants, agents, and employees, from any and all liability arising out of or in any way connected with the seizure, arrest, or forfeiture of the Defendant Property.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure, arrest, or forfeiture, as well as to those now known or disclosed.  Claimant agrees to waive the provisions of California Civil Code § 1542, which provides:

///

Final Judgment of Forfeiture                    4

1
2
3

> **"A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."**

4    10.  Claimant agrees that she did not substantially prevail in this action within the

5    meaning of 28 U.S.C. § 2465. Each party shall bear her or its own costs and attorney's fees.

6    11.  That pursuant to the stipulation of the parties, and the allegations set forth in the

7    Complaint filed on or about September 28, 2012, the Court finds that there was reasonable

8    cause for the arrest and seizure of the Defendant Property and for the commencement and

9    prosecution of this forfeiture action, and a Certificate of Reasonable Cause pursuant to 28

10   U.S.C. § 2465 shall be entered accordingly.

11   12.  Claimant knowingly and voluntarily waives any right to appeal any aspect of the

12   instant forfeiture action, this stipulation, the forfeiture provisions contained therein, and the

13   resulting forfeiture judgment.

14   13.  The Court shall maintain jurisdiction to enforce the terms of this Final Judgment of

15   Forfeiture.

16   SO ORDERED THIS 6th day of June, 2014

17                                  /s/ Lawrence J. O'Neill
                                    LAWRENCE J. O'NEILL
18                                  United States District Judge

19                       **CERTIFICATE OF REASONABLE CAUSE**

20   Based upon the allegations set forth in the Complaint for Forfeiture In Rem filed

21   September 28, 2012, and the Stipulation for Final Judgment of Forfeiture filed herewith, this

22   Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there

23   was reasonable cause for the arrest and seizure of the Defendant Property, and for the

24   commencement and prosecution of this forfeiture.

25
     IT IS SO ORDERED.
26

27   Dated:  __June 6, 2014__          __/s/ Lawrence J. O'Neill__
                                        UNITED STATES DISTRICT JUDGE
28

Final Judgment of Forfeiture                 5